IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENNON D. THOMAS,**

        **Plaintiff,**

  v.                  CASE NO. 17-3065-SAC-DJW

**DONALD ASH, et al.,**

        **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff, a pre-trial detainee appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Mr. Thomas alleges that his Fourteenth and Eighth Amendment rights were violated when deputies used excessive force against him at the Wyandotte County Adult Detention Center ("WCADC") on December 9, 2016.

**Statutory Screening of Prisoner and In Forma Pauperis Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma

1

pauperis, the Court has a duty to screen the complaint to determine its sufficiency.  28 U.S.C. § 1915(e)(2).  Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

To survive this review, the plaintiff must plead enough facts "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  In applying the *Twombly* standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff.  *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011).  While a pro se plaintiff's complaint must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), pro se status does not relieve the plaintiff of "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Complaint**

At the time of the events Plaintiff recounts in his complaint, he was recovering from surgery to repair a gunshot

2

wound to his right leg.  He wore a medical-issued orange jumpsuit, given to medically disabled inmates to distinguish them at a glance from the healthy inmates who wore striped jumpsuits.  Mr. Thomas, who is 6'4", walked with a noticeable limp.

According to Plaintiff, Deputy Sheriff Christina Hopkins told Plaintiff she was going to lodge a staff ticket violation against him for "passing commissary."  As he was let out of his cell for med-pass, he told Defendant Hopkins he wanted to speak with a sergeant.  Apparently, a verbal altercation ensued, and Defendant Hopkins claims Plaintiff used derogatory and abusive language.  She told him to go to lockdown, and he persisted in asking that she call a sergeant.  Mr. Thomas was escorted to administrative segregation by Deputies Tyler Ricke, Devin Baird, Sergio Loeza, John Lobner, Sergeant Keona Ballard, and Acting Sergeant Danica Baird.  Plaintiff repeatedly questioned the actions they were taking but was otherwise compliant.  When they arrived at the cell, as the officers uncuffed Plaintiff, he turned toward them to continue questioning.  Some of the officers then jumped on him, choking him and slamming him down on the metal bunk.  Defendant Lobner "bashed" Plaintiff's face against the bunk, applied his body weight to the back of Plaintiff's head and neck, pressing him against the bunk and choking him. Defendant Ricke, when Plaintiff was already pinned

3

to the bunk, squeezed and poked his gunshot wound, causing him "tremendous" pain. Defendant Loeza participated by helping to secure Plaintiff's legs. Defendant Ricke then tasered Mr. Thomas twice. The incident was recorded by body camera.

Defendant Danica Baird was one of two sergeants on the scene. She witnessed the incident, failed to intervene, and in fact authorized Defendant Ricke to taser Plaintiff when he was already subdued. Defendant Ballard was the highest ranking officer present and also failed to intervene.

Mr. Thomas suffered a busted lip, bruised and swollen chin and cheek, loosened and painful tooth, and injury to the surgically-repaired gunshot wound. He has been charged with assaulting a law enforcement officer as a result of the incident.

In addition to the defendants mentioned above, Plaintiff names as defendants Donald Ash, the Sheriff of Wyandotte County (failure to respond to Plaintiff's grievance; failure to reprimand; retaliation by allowing charges to be brought against Plaintiff); Jeffrey Fewell, Deputy Sheriff and Warden of the jail (failure to respond to grievance; failure to reprimand; retaliation); Andrew Collins, Deputy Sheriff (failure to photograph Plaintiff's injuries; failure to report the incident); Major Patrick (failure to reprimand; failure to respond to grievance); Major Russell (failure to reprimand;

4

failure to respond to grievance); Andrew Carver, Deputy Sheriff (failure to report the officers involved in the incident; failure to accurately document the incident); Michael DeMile Simmons Jr., Detective, Wyandotte County Sheriff's Department (failure to accurately document the incident); Sherry Anderson-Simpson, Detective, Wyandotte County Sheriff's Department (failure to accurately document the incident); Mark Dupree Sr., Wyandotte County District Attorney ("DA"); Danielle Onions, Assistant DA; and John Sutherland, Assistant DA (maliciously pursuing frivolous charge against Plaintiff as a result of the incident).

Plaintiff's request for relief includes monetary damages and dismissal of the criminal charges against him.

**Analysis**

After reviewing Plaintiff's complaint with the standards set out above in mind, the Court finds that certain defendants are subject to dismissal from this action because they are immune from relief or because Plaintiff fails to state a claim on which relief may be granted against them.

1. **Plaintiff seeks monetary damages from defendants who are immune from such relief (28 U.S.C. § 1915A(b)(2))**

Plaintiff names Mark Dupree Sr., the Wyandotte County DA, and two Assistant DAs as defendants. All three are entitled to absolute immunity. A prosecutor is absolutely immune from

5

liability for the decision to prosecute. *Hartman v. Moore*, 547 U.S. 250, 262 (2006), *citing Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). "A prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case." *Mink v. Suthers,* 482 F.3d 1244, 1261 (10th Cir. 2007). While Plaintiff alleges the DA acted maliciously, he cites no support for this allegation. In any event, even allegations of malice do not defeat prosecutorial immunity. *Glaser v. City and County of Denver,* 557 F. App'x 689, 705 (10th Cir. 2014). Defendants Dupree, Onions, and Sutherland are subject to dismissal from this action under 28 U.S.C. §§ 1915A(b)(2) and 1915(e)(2)(B)(iii).

   **2. Plaintiff fails to state a claim upon which relief may be granted against several defendants (28 U.S.C. § 1915A(b)(1))**

To be properly named as a defendant in a § 1983 action, a person must personally participate in the alleged violation of the plaintiff's constitutional rights. *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997). Supervisory status alone does not create § 1983 liability. *Duffield v. Jackson,* 545 F.3d 1234, 1239 (10th Cir. 2008). The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's

6

action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center,* 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff does a fairly good job of describing the actions of the primary defendants who participated in or witnessed the incident. However, Plaintiff includes several defendants in his complaint who appear to be improper.

Plaintiff names Sheriff Ash and Warden Fewell as defendants, alleging they failed to respond to a grievance Plaintiff filed about the incident, failed to reprimand the deputies involved, and "allowed" the retaliatory filing of "frivolous" charges against him "to impede [Plaintiff's] actions in seeking civil litigation." Doc. #1, p. 1. Plaintiff does not allege these defendants were personally involved in the use of force against him.

Failure to respond to a grievance is not a constitutional violation. No "independent constitutional right to state administrative grievance procedures" exists. *Boyd v. Werholtz,* 443 F. App'x 331, 332 (10th Cir. 2011). *See also Murray v. Albany County Bd. of County Commrs.,* 2000 WL 472842 at *2 (10th Cir. April 20, 2000) (unpublished) (allegations that defendant failed to answer prison grievances "failed to state a claim as a matter of law because prison grievance procedures do not give

7

rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment") (internal quotations and citation omitted); *Serrano v. Ackley,* 2013 WL 4482980 at *4-5 (D. Kan. Aug. 19, 2013) (unpublished) (summarily dismissing prisoner's § 1983 claims regarding defendants' alleged failure to follow grievance procedures, failure to respond to his grievances, and failure to provide grievance forms for failure to state a violation of his Fourteenth Amendment due process or equal protection rights). Therefore, the failure of Defendant Ash or Fewell to respond to Plaintiff's administrative grievance does not constitute a violation of Plaintiff's constitutional rights.

Neither does a failure to reprimand state a claim for a violation of constitutional rights. A failure to reprimand relates entirely to actions that the defendants allegedly should have taken *in response* to the events at issue here. Defendants Ash and Fewell "cannot have 'personally participated' in the acts giving rise to the injury to the Plaintiff if the actions alleged did not occur until *after* the Plaintiff's injury." *Muniz v. Kaspar*, 2009 WL 2490144, at *8 (D. Colo. Aug. 14, 2009); *citing Poolaw v. Marcantel,* 565 F.3d 721, 732-33 (10th Cir. 2009) (to establish "requisite causal connection," defendant must "set in motion a series of events that the

defendant knew or should have known would cause others to deprive the plaintiff of her constitutional rights").

Plaintiff's last allegation about Defendants Ash and Fewell is that they "allowed" charges to be filed against him. To state a claim for retaliatory prosecution, Plaintiff must show: (1) "a retaliatory motive on the part of an official urging prosecution" and (2) "an absence of probable cause supporting the prosecutor's decision to go forward." *Hartman*, 547 U.S. at 265. Plaintiff has alleged a retaliatory motive on the part of Defendants Ash and Fewell: impeding his recovery in a civil lawsuit. However, he simply makes the allegation without any supporting facts. For instance, he does not state when charges were filed in relation to the filing of this lawsuit or whether Defendant Ash or Fewell said something indicating they had a retaliatory, or perhaps prophylactic, motive in pursuing charges. Plaintiff also does not address the probable cause determination, other than to describe his version of events. To move forward with a retaliatory prosecution claim, Plaintiff will need to provide more facts to "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Defendants Ash and Fewell do not appear to be properly named as defendants and are subject to dismissal from this action.

Mr. Thomas alleges Defendants Patrick and Russell failed to reprimand the deputies involved in the incident and failed to answer his grievance. As discussed above, these allegations do not state a claim under § 1983, and Defendants Patrick and Russell are subject to dismissal.

Plaintiff's allegations about Defendants Collins, Carver, Simmons, and Anderson-Simpson are essentially that they viewed the body camera evidence and did not agree with Plaintiff's description of the incident, and that they failed to accurately document or describe Plaintiff's injuries. As with the failure to reprimand claim, this claim involves actions that occurred after Plaintiff's injury and does not make out a constitutional violation. Defendants Collins, Carver, Simmons, and Anderson-Simmons are also subject to dismissal.

**Summary**

For the reasons discussed above, Defendants Ash, Fewell, Dupree, Onions, Sutherland, Collins, Patrick, Russell, Carver, Simmons, and Anderson-Simpson are subject to dismissal from this 42 U.S.C. § 1983 action under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Court will direct Plaintiff to show cause why these defendants should not be dismissed. The failure to file a specific, written response waives de novo review by the District Judge, see *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of

10

factual and legal allegations. *Makin v. Colo. Dept. of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999).

**IT IS THEREFORE ORDERED** that within thirty (30) days of receipt of this order, Plaintiff shall show cause to the Honorable Sam A. Crow why Defendants Ash, Fewell, Dupree, Onions, Sutherland, Collins, Patrick, Russell, Carver, Simmons, and Anderson-Simpson should not be dismissed from this matter.

**IT IS SO ORDERED.**

DATED: This 6th day of July, 2017, at Kansas City, Kansas.

s/ David J. Waxse

**DAVID J. WAXSE**
**U.S. Magistrate Judge**